**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **ANTHONY MILLS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **PE:26-CV-00017-DC-DF** |
| | § | |
| **ARLENE BLUTH,** | § | |
| *Defendant.* | § | |

## U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

BEFORE THE COURT are Plaintiff Anthony Mills's proposed Complaint and Motion to Proceed *In Forma Pauperis* ("IFP"). (Docs. 1, 2). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **GRANTS** Mills's Motion to Proceed IFP and **RECOMMENDS** Mills's claims be **DISMISSED WITHOUT PREJUDICE**. (Docs. 1, 2).

### DISCUSSION

### I.     Motion to Proceed IFP

All parties instituting any civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee. *See* 28 U.S.C. § 1914(a). Having reviewed Mills's Motion to Proceed IFP, the Court finds he does not have sufficient resources to pay the filing fee. (Doc. 2). Mills indicates that he has $20 in savings and $200 in monthly expenses. *Id.* at 3. Accordingly, the Court **GRANTS** Mills's Motion to Proceed IFP. *Id.*

**II.    Review Under 28 U.S.C. § 1915(e)**

The undersigned has also reviewed Mills's proposed Complaint under the standards set forth in 28 U.S.C. § 1915(e). (Doc. 1). Pursuant to § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim for which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *Zavala v. Trump*, No. SA-25-CV-00071-FB, 2025 WL 1538815, at *1 (W.D. Tex. Feb. 6, 2025) (citing § 1915(e)(2)(B)).

A district court may dismiss a proposed complaint where it is completely unclear what claims are being brought or if the claims are "completely devoid of merit as not to involve a federal controversy." *Id.* at *2 (quoting *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019)). That is the case here. Mills's allegations are limited to one sentence. He claims that "Defendant conspired with individuals in depriving due process rights, Defendant failed to dismiss 100269/2023, causing unreasonable cost to the parties . . . ." (Doc. 1 at 1). No further factual allegations are provided. Even treating Mills's facts as true and construing his pleadings liberally, this singular sentence, without any supporting facts or details, is insufficient to state a claim for a violation of due process.

2

## ORDER AND RECOMMENDATION

For the foregoing reasons, Mills's Motion to Proceed IFP is **GRANTED**. (Doc. 2).

The undersigned further **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

SIGNED this 27th day of February, 2026.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).